United States District Court
Southern District of Texas
**ENTERED**
October 31, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| TERRY BROWN, *et al.*, | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-00122 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

### <u>MEMORANDUM AND RECOMMENDATION</u>

This wrongful death lawsuit arises from a tragic boating accident that occurred on the Lower Colorado River. On May 1, 2021, Keith Smith and Jacob Langley ("Decedents") were killed when the recreational boat they were traveling in struck an unmarked river piling. Plaintiffs Terry Brown, Lisa Langley, and Daniel Langley ("Plaintiffs"), the beneficiaries of Decedents' estates, have sued the United States of America, the U.S. Army Corps of Engineers, and three government officials in their official capacities (collectively, "Defendants"). Plaintiffs claim that Defendants failed to eliminate the unreasonably dangerous condition of the unmarked river piling and failed to warn Decedents of the unreasonably dangerous condition.

The First Amended Complaint contains five causes of action: (1) negligence; (2) Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*; (3) Army Maritime Claims Settlement Act ("AMCSA"), 10 U.S.C. § 7802; (4) premises liability; and (5) vicarious liability pursuant to the doctrine of respondeat superior.

Defendants move to dismiss the First Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Dkt. 10. In their motion to dismiss, Defendants advance several arguments why this case should not proceed beyond the pleading stage. First, Defendants argue that Plaintiffs "have failed to allege sufficient facts or evidence that, if proven, would establish liability on part

of the United States for causing the boating accident." Dkt. 10 at 5. Second, Defendants insist this Court lacks subject matter jurisdiction because Plaintiffs failed to exhaust their administrative remedies under the FTCA before initiating suit. Third, Plaintiffs maintain that, at a bare minimum, the U.S. Army Corps of Engineers and the individual agency officials must be dismissed because it is well-settled that the only proper defendant under the FTCA is the United States.

## LEGAL STANDARD

Rule 12(b)(1) provides that a party may assert by motion the defense of lack of subject matter jurisdiction. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quotation omitted). "The question of whether the United States has waived sovereign immunity pursuant to the FTCA goes to the court's subject-matter jurisdiction . . . and may therefore be resolved on a Rule 12(b)(1) motion to dismiss." *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

## ANALYSIS

It is black letter law that the United States is immune from suit unless it has waived its sovereign immunity and consented to be sued. *See United States v. Sherwood*, 312 U.S. 584, 586–87 (1941) (collecting cases). "To maintain a suit in district court against the United States, a plaintiff must bring claims under a statute in which Congress expressly waives the United States' sovereign immunity." *Ortega Garcia v. United States*, 986 F.3d 513, 522 (5th Cir. 2021). As the parties asserting that this Court has subject matter jurisdiction, Plaintiffs "bear[] the burden of showing Congress's unequivocal waiver of sovereign immunity." *St. Tammany Par. ex rel. Davis v. FEMA*, 556 F.3d 307, 315 (5th Cir.

2009). In this case, Plaintiffs contend the United States has waived sovereign immunity under the AMCSA and the FTCA.

## A.    AMCSA

Let me start with the AMCSA, a relatively obscure statute.[1] The AMCSA simply authorizes the Secretary of the Army or her designee to administratively settle or compromise certain admiralty claims brought against the United States. *See* 10 U.S.C. § 7802. Importantly, the AMCSA does not contain a private right of action or a waiver of sovereign immunity. Because sovereign immunity is jurisdictional in nature, "[a]ny waiver of the United States' sovereign immunity must be express, unequivocal, and any ambiguity therein strictly construed in favor of the sovereign." *Barco v. Witte*, 65 F.4th 782, 784 (5th Cir. 2023); *see also Lane v. Pena*, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, . . . and will not be implied."); *Petterway v. Veterans Admin. Hosp.*, 495 F.2d 1223, 1225 n.3 (5th Cir. 1974) ("It is well settled . . . that a waiver of sovereign immunity must be specific and explicit and cannot be implied by construction of an ambiguous statute."). Plaintiffs have not, and cannot, show that Congress unequivocally waived sovereign immunity with respect to any purported claim they seek to bring under the AMCSA. Without an express waiver of sovereign immunity in the AMCSA, this Court lacks subject matter jurisdiction over such a claim.

---

[1] Although the AMCSA was enacted in 1956, a Westlaw search reveals that hardly any cases have ever cited the provisions of the AMCSA relevant to this case, which until February 1, 2019, were numbered as 10 U.S.C. §§ 4801, 4802. *See Dick v. United States*, 671 F.2d 724, 727 (2d Cir. 1982) (citing 10 U.S.C. § 4802); *McCormick v. United States*, 680 F.2d 345, 346 n.3 (5th Cir. 1982) (same); *Hahn v. United States*, 218 F. Supp. 562, 566 (E.D. Va. 1963) (same); *Gray v. United States*, No. 07-cv-0402, 2008 WL 765905, at *2 (W.D. La. Mar. 24, 2008) (citing 10 U.S.C. § 4801); *Flowers v. United States*, 75 Fed. Cl. 615, 633 n.47 (2007) (same), *aff'd*, 321 F. App'x 928 (Fed. Cir. 2008).

**B.      FTCA**

Now let's turn to the FTCA. The FTCA waives the United States' sovereign immunity from tort claims. *See* 28 U.S.C. §§ 1346(b)(1), 2674.[2] The FTCA contains an exhaustion of remedies provision, barring individuals from bringing a suit in federal court unless they have filed an administrative claim with the appropriate federal agency, and either obtained a written denial or waited six months after the claim is presented to the federal agency in question, whichever comes first. *See* 28 U.S.C. § 2675(a).

Plaintiffs assert that their administrative claims with the U.S. Army Corps of Engineers were received by the agency on December 12, 2022. Assuming that is true, the six-month waiting period ended on June 12, 2023. Plaintiffs, however, did not wait the required six months before bringing this action. They filed the instant lawsuit on April 24, 2023, roughly a month and a half early.

The Fifth Circuit has emphasized that the FTCA's administrative-exhaustion requirement is a jurisdictional prerequisite to filing suit. *See Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019) (affirming a district court's judgment that "exhaustion [of administrative remedies is] a jurisdictional prerequisite for FTCA claims that cannot be waived"); *Life Partners Inc. v. United States*, 650 F.3d 1026,

---

[2] The FTCA excludes from its reach "[a]ny claim for which a remedy is provided by the [Suits in Admiralty Act ("SSA"), 46 U.S.C. §§ 30901–30918, and the Public Vessels Act ("PVA"), 46 U.S.C. §§ 31101–31113] relating to claims or suits in admiralty against the United States." 28 U.S.C. § 2680(d). This means that although the FTCA usually provides a waiver of sovereign immunity in tort actions, the FTCA is inapplicable where admiralty jurisdiction exists. Admiralty jurisdiction exists if the alleged harm (1) occurred on navigable waters; or (2) significantly relates to traditional maritime activity. *See Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 673–74 (1982).

Plaintiffs' counsel stated at oral argument that the boating accident at issue did not occur on navigable waters, and no express allegation can be found in the First Amended Complaint that the accident occurred on navigable waters. Ultimately, whether the accident occurred on navigable waters is irrelevant at this juncture. What matters is that Plaintiffs invoke the FTCA—not the SSA or PVA—as the statutory basis for waiving sovereign immunity. I must, therefore, consider whether the FTCA provides a waiver of sovereign immunity in the context of the allegations set forth in the First Amended Complaint.

1030 (5th Cir. 2011) (The administrative-remedy-exhaustion "requirement is a prerequisite to suit under the FTCA."); *McAfee v. 5th Cir. Judges*, 884 F.2d 221, 222–23 (5th Cir. 1989) ("Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the [FTCA], and absent compliance with the statute's requirement the district court was without jurisdiction."). As a result, Plaintiffs' failure to exhaust their administrative remedies prior to filing an action under the FTCA deprives this Court of subject matter jurisdiction over their suit.

The Fifth Circuit's decision in *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981) is dispositive. In *Gregory*, just as the case here, the plaintiffs filed an administrative claim for relief with the proper federal agency, but then filed a lawsuit before the agency denied the claim, and before the required six-month period had elapsed. *See id.* at 204. By the time the district court considered whether the plaintiffs had exhausted their administrative remedies, the six-month period had expired. *See id.* The plaintiffs argued "that the six month requirement is now meaningless because the period had already run." *Id.* The Fifth Circuit firmly rejected that view: "Waivers of sovereign immunity must be strictly construed. Section 2675 is more than a mere statement of procedural niceties. It requires that jurisdiction must exist at the time the complaint is filed." *Id.*

Since *Gregory*, the United States Supreme Court has entered the fray, expressly holding that the FTCA requires the dismissal of any lawsuit brought in federal court prior to the full exhaustion of administrative remedies—even if the claimants receive a final determination or the six-month waiting period expires while the federal lawsuit is pending. *See McNeil v. United States*, 508 U.S. 106, 109–13 (1993). There is no wiggle room. A plaintiff cannot commence a lawsuit under the FTCA "unless the plaintiff has filed an administrative claim and either obtained a written denial or waited six months." *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). "An action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time

after the complaint is filed." *Id*. This case must, therefore, be dismissed for lack of subject matter jurisdiction under the FTCA.[3]

One final note. Plaintiffs request that I allow them to file an amended complaint indicating that they have now exhausted their administrative remedies. The problem with that approach is that Plaintiffs cannot belatedly cure the jurisdictional defect. "Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system." *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999). "The most natural reading of the [FTCA] indicates that Congress intended to require complete exhaustion . . . *before* invocation of the judicial process." *McNeil*, 508 U.S. at 112 (emphasis added).[4]

## CONCLUSION

For the reasons identified above, this Court lacks subject matter jurisdiction over this action. I thus recommend that the Second Motion of Defendant United

---

[3] Plaintiffs' claims against the U.S. Army Corps of Engineers and three government officials in their official capacities must also be dismissed for lack of subject matter jurisdiction. "It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit." *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988); *see also Esquivel-Solis v. United States*, 472 F. App'x 338, 339 (5th Cir. 2012) ("FTCA claims may be brought against only the United States, and not the agencies or employees of the United States."). "Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin*, 860 F.2d at 183. In their response to the motion to dismiss, Plaintiffs acknowledge that the United States is the only proper party to this action. *See* Dkt. 12 at 6.

[4] Citing a Seventh Circuit case, Plaintiffs argue that dismissal is inappropriate because "suits against the United States, including [FTCA] claims, may be tolled." Dkt. 20 at 2 (citing *Arteaga v. United States*, 711 F.3d 828 (7th Cir. 2013)). That case is inapposite. It has nothing to do with the exhaustion of administrative remedies. It addresses whether the tolling of the statute of limitations is jurisdictional. No matter, the Fifth Circuit authority discussed above directly holding that the exhaustion of administrative remedies is a jurisdictional prerequisite to suit is controlling.

States of America to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(b) (Dkt. 10) be **GRANTED**. This case should be dismissed.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 31st day of October 2023.

_____

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE